IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Frank Stephon Johnson,            )
                                  )
                  Plaintiff,      )     C.A. No. 0:18-996-HMH-PJG
                                  )
            vs.                   )     **OPINION & ORDER**
                                  )
Lt. Lagtta, Lt. Lippett, Lt. Sligh, Director  )
Myers, Capt. Higgins, Capt. Moye, Capt.       )
Bufford, Lt. Hayes, Lt. William, Lt. Seward,  )
Lt. Mccoullgh,                    )
                                  )
                  Defendants.     )

This matter is before the court with the Report and Recommendation of United States Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Frank Stephon Johnson ("Johnson"), a state pretrial detainee, proceeding pro se, alleges a violation of 42 U.S.C. § 1983. In her Report and Recommendation, Magistrate Judge Gossett recommends dismissing this case with prejudice and without issuance and service of process because Johnson fails to allege any facts that plausibly show that the named defendants were personally involved in creating the conditions that led to his injuries, or that they were responsible for failing to provide Johnson with the medical treatment he claims he should have received. (R&R 4-6, ECF No. 8.) On May 9, 2018,

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

Johnson filed a motion to amend his complaint to name defendants with personal involvement in his alleged claims. (Mot. Amend, ECF No. 10.) Johnson requests that Alvin S. Glenn Detention Center and Officer Roach be named as defendants because they "were negligent towards [him] and caused [his] injur[ies]." (Id. at 2, ECF No. 10.)

Rule 15 of the Federal Rules of Civil Procedure allows a party to "amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." Id. Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Amending a complaint would be futile if the proposed amended complaint fails to comply with Rule 12(b)(6) of the Federal Rules of Civil Procedure. United States ex rel. Wilson v. Kellogg, Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).

Johnson has moved to amend his complaint to cure the deficiency in his original complaint by naming defendants with personal involvement in his alleged claims. (Mot. Amend, ECF No. 10.) Johnson names Officer Roach and Alvin S. Glenn Detention Center as defendants with personal involvement with his alleged claims. (Id. at 2, ECF No. 10.)

Inanimate objects such as buildings, facilities, and grounds do not act under color of state law. See Nelson v. Lexington Cty. Det. Ctr., No. 8:10-cv-02988-JMC, 2011 WL 2066551, at *1

(D.S.C. May 26, 2011) (finding that Lexington County Detention Center was "a building and not a person . . . amenable to suit under § 1983."); see also Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) (collecting cases). Alvin S. Glenn Detention Center is not a person who may be found liable for constitutional violations under § 1983. Therefore, amending the complaint to name Alvin S. Glenn Detention Center would be futile. However, out of an abundance of caution and in light of the liberal construction accorded to pro se pleadings, Johnson may amend his complaint to assert a § 1983 claim against Officer Roach as Johnson alleges that Officer Roach caused his injuries. Upon review, Johnson's request to amend his complaint will not prejudice the opposing party. Further, there is no evidence of bad faith on the part of Johnson. Lastly, amendment would not be futile in naming Officer Roach as a defendant. Therefore, Johnson's motion is granted in part and denied in part.

It is therefore

**ORDERED** that Johnson's claims against Lt. Lagtta, Lt. Lippett, Lt. Sligh, Director Myers, Capt. Higgins, Capt. Moye, Capt. Bufford, Lt. Hayes, Lt. William, Lt. Seward, and Lt. Mccoullgh are dismissed with prejudice. It is further

**ORDERED** that Johnson's motion to amend the complaint, docket number 10, is granted in part and denied in part. Johnson is granted twenty (20) days from the entry of this order to amend his complaint to add Officer Roach as a party. It is further

**ORDERED** that the case is remanded to Magistrate Judge Gossett for further proceedings.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
May 14, 2018

**NOTICE OF RIGHT TO APPEAL**

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.