IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Frank Stephon Johnson, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 0:18-996-HMH-PJG |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Officer Roach, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Frank Stephon Johnson ("Johnson"), a state pretrial detainee, proceeding pro se, alleges a violation of 42 U.S.C. § 1983. In her Report and Recommendation, Magistrate Judge Gossett recommends dismissing this case with prejudice and without issuance and service of process because Johnson failed to provide any facts about Officer Roach, and left the section for the underlying facts of his claims blank on his standard complaint form. (R&R 1-2, ECF No. 23.) Johnson filed objections to the Report and Recommendation on July 18, 2018.[2] (Objs., ECF No. 25.) In his objections, Johnson alleges facts about Officer Roach and the alleged incident that led to his injuries. (Id., generally, ECF

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Houston v. Lack, 487 U.S. 266 (1988).

1

No. 25.) Therefore, out of an abundance of caution and in light of the liberal construction afforded pro se pleadings, the court construes Johnson's objections as a motion to amend his complaint.

Rule 15 of the Federal Rules of Civil Procedure allows a party to "amend its pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, "[t]he court should freely give leave when justice so requires." Id. Thus, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Amending a complaint would be futile if the proposed amended complaint fails to comply with Rule 12(b)(6) of the Federal Rules of Civil Procedure. United States ex rel. Wilson v. Kellogg, Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).

Johnson has moved to amend his complaint to cure the deficiency in his complaint by alleging facts about Officer Roach and the incident that led to his injuries. (Objs., generally, ECF No. 25.) Upon review, Johnson's request to amend his complaint will not prejudice the opposing party. Further, there is no evidence of bad faith on the part of Johnson. Lastly, amendment would not be futile. Therefore, Johnson's motion is granted.

It is therefore

**ORDERED** that Johnson's objections, construed as a motion to amend the complaint, docket number 25, is granted. Johnson is granted twenty (20) days from the entry of this order to amend his complaint to state the facts for his 42 U.S.C. § 1983 claim. It is further

**ORDERED** that the case is remanded to Magistrate Judge Gossett for further proceedings.

**IT IS SO ORDERED.**

                                           s/Henry M. Herlong, Jr.
                                           Senior United States District Judge

Greenville, South Carolina
July 19, 2018