IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Frank Stephon Johnson, | C/A No. 0:18-996-HMH-PJG |
| Plaintiff, | |
| v. | **ORDER AND** |
| | **REPORT AND RECOMMENDATION** |
| Officer Roach, | |
| Defendant. | |

The plaintiff, Frank Stephon Johnson, a self-represented state pretrial detainee, brings this civil rights action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915 and § 1915A.

By order issued July 30, 2018, the court authorized service of the Second Amended Complaint on Defendant Roach, construing a claim for deliberate indifference in violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.[1] (ECF No. 31.) The summons was returned unexecuted and the returned Form USM-285 indicated "Need more identifiers for defendant." (ECF No. 35.) Plaintiff then filed a motion to substitute an unnamed party for Roach in his official capacity pursuant to Rule 25(d). (ECF No. 36.) The court issued an order directing Plaintiff to complete a USM-285 providing more identifying information for Officer Roach, denying the motion to substitute, and advising Plaintiff that to the extent he sought to name a new defendant in Roach's place, Plaintiff must file a proper motion to amend or correct under Federal Rule of Civil Procedure

---

[1] Prior to that order, Plaintiff had been given two opportunities to amend his pleading to state a claim upon which relief can be granted, following the court's recommendation of dismissal of multiple other defendants pursuant to § 1915 and § 1915A.

Page 1 of 5

15. (ECF No. 38.) The order also warned Plaintiff that his failure to comply with the court's order could result in dismissal of Officer Roach as a defendant. (Id. at 2.)

Plaintiff now files a motion to amend seeking to name "Director Myers" as a defendant.[2] (ECF No. 40.) In the motion, Plaintiff indicates that he attached an amended pleading, but no pleading is attached to the motion. The motion to amend is denied. First, Plaintiff fails to attach a proposed amended pleading to the motion, so it is unclear what claims, if any, Plaintiff seeks to bring against this individual.. Second, the court previously dismissed Defendant Myers from this case because Plaintiff failed to provide any facts about the defendant that would satisfy the federal pleading requirements or survive initial review pursuant to §§ 1915 and § 1915A. Without additional facts, Plaintiff's motion to amend is futile. See Foman v. Davis, 371 U.S. 178 (1962) (holding that leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile); see U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) ("Under Rule 15 of the Federal Rules of Civil Procedure, a court should freely give leave when justice so requires. Although such motions should be granted liberally, a district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.") (internal citations and quotation marks omitted); Johnson v. Oroweat Foods Co. 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.").

---

[2] Director Myers was previously dismissed as a defendant for Plaintiff's failure to state a claim upon which relief can be granted. (Order, ECF No. 12.)



Moreover, the court finds that Plaintiff's claims against Defendant Roach should be dismissed. Plaintiff has failed to comply with the court's order regarding service of process on Defendant Roach because he has not submitted a new Form USM-285 that can be used to properly effective service. Thus, Plaintiff has failed to comply with an order of the court, and he has failed to prosecute this case against Roach. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). As well as inherent authority, a court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. The United States Court of Appeals for the Fourth Circuit has held that a court should "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted). Moreover, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Federal Rule of Civil Procedure 41(b)).

In the instant action, Plaintiff is proceeding *pro se*; therefore, he is solely responsible for his refusal to comply with the court's order, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. See Chandler Leasing Corp., 669 F.2d at 920; Craft v. Astrue, No.1:10CV9, 2012 WL 6569021, at *2 (M.D.N.C. Dec. 17, 2012) (finding, pursuant to the standard set forth in Chandler Leasing, "Plaintiff has proceeded *pro se* from the outset, thus she

has demonstrated that she is capable of filing pleadings and papers and she alone bears the responsibility for her failure to prosecute her case."). Therefore, the court recommends that Plaintiff's claims against Defendant Roach be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ballard, 882 F.2d at 95 (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 29, 2018
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).