IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Frank Stephon Johnson, | ) | C/A No. 0:18-996-HMH-PJG |
|---|---|---|
| Plaintiff, | ) | |
| | ) | **ORDER AND** |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Officer Roach, | ) | |
| | ) | |
| Defendant. | ) | |

The plaintiff, Frank Stephon Johnson, a self-represented state pretrial detainee, brings this civil rights action. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915 and § 1915A.

**I.    Background**

By order issued July 30, 2018, the court authorized service of the Second Amended Complaint on Defendant Roach, construing a claim for deliberate indifference in violation of the Fourteenth Amendment pursuant to 42 U.S.C. § 1983.[1] (ECF No. 31.) The summons was returned unexecuted and the returned Form USM-285 indicated "Need more identifiers for defendant." (ECF No. 35.) Plaintiff then filed a motion to substitute an unnamed party for Roach in his official capacity pursuant to Rule 25(d). (ECF No. 36.) The court issued an order directing Plaintiff to complete a Form USM-285 providing more identifying information for Officer Roach, denying the motion to substitute, and advising Plaintiff that to the extent he sought to name a new defendant in

---

[1] Prior to that order, Plaintiff had been given two opportunities to amend his pleading to state a claim upon which relief can be granted, following the court's recommendation of dismissal of multiple other defendants pursuant to § 1915 and § 1915A.

Roach's place, he must file a proper motion to amend or correct under Federal Rule of Civil Procedure 15. (ECF No. 38.) The order also warned Plaintiff that his failure to comply with the court's order could result in dismissal of Officer Roach as a defendant. (Id. at 2.)

Plaintiff now files a motion to amend the Second Amended Complaint, seeking to name "Director Myers" as a defendant.[2] (Mot. to Amend, ECF No. 49 at 1.) Plaintiff claims that when he slipped and fell coming out of the shower, Director Myers called "code blue" and locked down the unit. (Id. at 2.) Plaintiff claims he slipped on a spot that chronically has water pooled, and which cannot be seen because of stains on the floor. (Id.) Plaintiff argues that Myers should have either cleaned up the area or provided warning that the area was wet. (Id.) Plaintiff seeks to raise a claim pursuant to 42 U.S.C. § 1983 for deliberate indifference to conditions of confinement in violation of the Fourteenth Amendment and a state law negligence claim against Myers. (Id. at 1, 3.)

## II.     Motion to Amend

Plaintiff's motion to amend is denied because it is futile. Plaintiff fails to state a claim upon which relief can be granted as to his federal claim, and the defendant is immune from suit as to Plaintiff's state law claim. See Foman v. Davis, 371 U.S. 178 (1962) (holding that leave to amend a pleading should be denied when the amendment would cause undue delay, when it would be prejudicial to the opposing party, when there has been bad faith on the part of the moving party, or when the amendment would be futile); U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008) ("Under Rule 15 of the Federal Rules of Civil Procedure, a court should freely give leave when justice so requires. Although such motions should be granted liberally, a

---

[2] Director Myers was previously dismissed as a defendant for Plaintiff's failure to state a claim upon which relief can be granted. (Order, ECF No. 12.)
Page 2 of 9



district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules.") (internal citations and quotation marks omitted); Johnson v. Oroweat Foods Co. 785 F.2d 503, 510 (4th Cir. 1986) ("Leave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face.").

    A.    **Plaintiff's Federal Claim**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Claims of pretrial detainees against detention center officials regarding conditions of confinement are evaluated under the Due Process Clause of the Fourteenth Amendment rather than under the Eighth Amendment's proscription against cruel and unusual punishment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16 (1979); Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988). "The due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner; while the convicted prisoner is entitled to protection only against punishment that is 'cruel and unusual,' the pretrial detainee, who has yet to be adjudicated guilty of any crime, may not be subjected to *any* form of 'punishment.' " Martin, 849 F.2d at 870; see also Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992). Further, "the fact that [the] detention interferes with the detainee's understandable desire to live as comfortably as possible

and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.' " Bell, 441 U.S. at 537.

The United States Court of Appeals for the Fourth Circuit has held that the standard for determining whether detention center officials have violated a pretrial detainee's right to due process is deliberate indifference. See Hill, 979 F.2d at 991. Although these claims are analyzed under the Fourteenth Amendment, case law interpreting the standard of "deliberate indifference" under the Eighth Amendment is instructive. See, e.g., Brown v. Harris, 240 F.3d 383, 388 (4th Cir. 2001) (stating that whether the plaintiff is a pretrial detainee or a convicted prisoner, the "standard in either case is the same—that is, whether a government official has been 'deliberately indifferent to any [of his] serious medical needs' ") (quoting Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990)).

Generally, to establish a claim based on alleged deliberate indifference, an inmate must establish two requirements: (1) objectively, the deprivation suffered or injury inflicted was "sufficiently serious," and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "What must be established with regard to each component 'varies according to the nature of the alleged constitutional violation.' " Williams, 77 F.3d at 761 (quoting Hudson v. McMillian, 503 U.S. 1, 5 (1992)). Objectively, the court must assess "whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that
Page 4 of 9

PJG

the risk of which he complains is not one that today's society chooses to tolerate." Helling v. McKinney, 509 U.S. 25, 36 (1993).[3]

Here, Plaintiff fails to allege a sufficiently serious deprivation of life's necessities that would implicate the Due Process Clause. Specifically, claims that wet floors caused personal injuries do not rise beyond the level of tort actions. See Samuel v. Noland, Civil Action No. 2:11-cv-3417-MGL-BHH, 2013 WL 360263, at *3 (D.S.C. Jan. 9, 2013) (finding that "a slippery floor does not constitute a denial of necessities sufficient to meet the first objective prong of a conditions of confinement claim" and that "[a] slippery floor also does not amount to punishment in the constitutional sense"); see also Smith v. Brown, Civil Action No. 1:12-CV-328-TWT-JSA, 2012 WL 5392154, *2 (N.D. Ga. Sept. 25, 2012) (collecting cases); Shannon v. Vannoy, Civil Action 15-446-SDD-RLB, 2016 WL 1559583, n.19 (M.D. La. Apr. 18, 2016) (also collecting cases). Thus, the sole federal claim Plaintiff asserts in his motion to amend fails to state a claim upon which relief can be granted. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[3] The court observes the United States Supreme Court has held that for a pretrial detainee to establish an excessive force claim under the Fourteenth Amendment, he need not show that the officer was subjectively aware that the use of force was excessive; rather, he need only show that the force purposely, knowingly, or possibly recklessly used against him was objectively unreasonable. Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015). However, Kingsley did not address whether this standard applies to other claims by pretrial detainees pursuant to the Fourteenth Amendment, and, to date, the Fourth Circuit has not considered this issue. Cf. Darnell v. Pineiro, 849 F.3d 17, 35 (2d Cir. 2017) (extending Kingsley to conditions of confinement claims by pretrial detainees pursuant to the Fourteenth Amendment); Castro v. Cty. of Los Angeles, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) (extending Kingsley to failure-to-protect claims by pretrial detainees pursuant to the Fourteenth Amendment). Here, however, the court need not address whether Kingsley's standard extends to a pretrial detainee's Fourteenth Amendment claim asserting deliberate indifference to a serious need as the court finds Plaintiff's claim can be addressed without consideration of the subjective prong generally applied to Eighth Amendment claims.

PJG

B.  **Plaintiff's State Law Claim**

As to Plaintiff's state law negligence claim, the defendant is immune because the claim would have to be brought under the South Carolina Tort Claims Act, S.C. Code Ann. §§ 15-78-10 et seq. The Act provides, "This chapter constitutes the exclusive remedy for any tort committed by an employee of a governmental entity.  An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor except as expressly provided for in subsection (b)." S.C. Code Ann. § 15-78-70(a).  However, under the Act, the State expressly consents to suit only in a South Carolina state court, and does not consent to suit in a federal court or in a court of another state.  S.C. Code Ann. § 15-78-20(e); see also Pennhurst State School, 465 U.S. at n.9 (1984) (recognizing that a state must expressly consent to suit in a federal district court). Therefore, because the waiver of immunity extends only to suit in state courts, Plaintiff cannot initiate a claim pursuant to the South Carolina Tort Claims Act in federal court.  See, e.g., Gaskins v. South Carolina, C/A No. 8:15-4456-JMC-JDA, 2016 WL 8677201, at *3 (D.S.C. Jan. 8, 2016) (observing that a claim sought to be filed initially in federal court under the South Carolina Tort Claims Act "is not permitted in this federal court because of the Eleventh Amendment"), adopted by 2016 WL 3207855 (D.S.C. June 10, 2016); cf. Lapides v. Bd. of Regents, 535 U.S. 613, 622 (2002) (holding that a State that voluntarily invokes the jurisdiction of the federal court by removing a case waives immunity for claims in which *it has consented to suit in its own courts*).  Thus, Plaintiff's amendment would be futile as to the sole state law claim Plaintiff asserts in the motion to amend because the defendant would be immune from suit in this court.

III. **Failure to Prosecute and Failure to Comply with a Court Order**

The court finds that Plaintiff's claims against Defendant Roach should be dismissed. Plaintiff has failed to comply with the court's order regarding service of process on Defendant



Roach because he has not submitted a new Form USM-285 that can be used to properly effect service. Thus, Plaintiff has failed to comply with an order of the court, and he has failed to prosecute this case against Roach. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). As well as inherent authority, a court may *sua sponte* dismiss a case for lack of prosecution under Federal Rule of Civil Procedure 41(b). Id. at 630. The United States Court of Appeals for the Fourth Circuit has held that a court should "ascertain (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal." Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted). Moreover, "[t]he Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989) (citing Federal Rule of Civil Procedure 41(b)).

In the instant action, Plaintiff is proceeding *pro se*; therefore, he is solely responsible for his refusal to comply with the court's order, and no sanctions appear to exist other than dismissal given the previous warnings and extensions provided. See Chandler Leasing Corp., 669 F.2d at 920; Craft v. Astrue, No.1:10CV9, 2012 WL 6569021, at *2 (M.D.N.C. Dec. 17, 2012) (finding, pursuant to the standard set forth in Chandler Leasing, "Plaintiff has proceeded *pro se* from the outset, thus she has demonstrated that she is capable of filing pleadings and papers and she alone bears the responsibility for her failure to prosecute her case."). Therefore, the court recommends that

Plaintiff's claims against Defendant Roach be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. See Ballard, 882 F.2d at 95 (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning).

### IV. Conclusion

Accordingly, it is

**ORDERED** that Plaintiff's motion to amend is denied. Additionally, the court

**RECOMMENDS** that Defendant Roach be dismissed.

December 28, 2018  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).